# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-39180 |
| Maria L. Gutierrez, | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |
| | ) | **Date:  May 8, 2019** |
| | ) | **Time: 9:30 a.m.** |

## NOTICE OF TRUSTEE'S MOTION FOR ORDER APPROVING PAYMENT OF SETTLEMENT PROCEEDS TO THE ESTATE REGARDING PERSONAL INJURY CLAIM OF MARIA L. GUTIERREZ

PLEASE TAKE NOTICE that on **Wednesday, May 8, 2019, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Janet S. Bear or any judge sitting in her stead, in Courtroom 615, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **Trustee's Motion for Order Approving Payment of Settlement Proceeds to the Estate Regarding Personal Injury Claim of Maria L. Gutierrez**, at which time and place you may appear as you see fit.

Dated: April 17, 2019

**N. NEVILLE REID, not individually, but solely in his capacity as the Chapter 7 Trustee for the Bankruptcy Estate of Maria L. Gutierrez,**

*/s/ N. Neville Reid*
N. Neville Reid

N. Neville Reid (ARDC #6195837)
Brian J. Wilson (ARDC #6294099)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

## CERTIFICATE OF SERVICE

I, N. Neville Reid, certify that on April 17, 2019, I caused a copy of the foregoing **Trustee's Motion for Order Approving Payment of Settlement Proceeds to the Estate Regarding Personal Injury Claim of Maria L. Gutierrez,** to be filed electronically through the Court's CM/ECF filing system and to be served upon the attached Service List by the Court's ECF filing system or first-class U.S. Mail, as indicated.

*/s/ N. Neville Reid*
N. Neville Reid

## SERVICE LIST

**Parties to receive notice electronically via CM/ECF:**

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Joseph A. Serpico on behalf of Debtor Maria L. Gutierrez
notice@ledfordwu.com

**Party to receive notice via postage-prepaid first class U.S. mail:**

Maria L. Gutierrez
10411 S. Komensky Avenue
Unit 2-B
Oak Lawn, IL 60453

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-39180 |
| Maria L. Gutierrez, | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |
| | ) | **Date:  May 8, 2019** |
| | ) | **Time: 9:30 a.m.** |

## TRUSTEE'S MOTION FOR ORDER APPROVING PAYMENT OF SETTLEMENT PROCEEDS TO THE ESTATE REGARDING PERSONAL INJURY CLAIM OF MARIA L. GUTIERREZ

N. Neville Reid, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Maria L. Gutierrez (the "Debtor"), by and through his undersigned counsel, files this Motion ("Motion") for entry of an order of the Court approving the payment of settlement proceeds to the Estate regarding Debtor's product liability claim against a medical implant product manufacturer whose name has been redacted on the closing statement under the terms of the multi-district tort litigation case[1] (herein the "Settlement Party"), pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Trustee states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### SETTLEMENT SUMMARY AND RELIEF REQUESTED

2.      On October 4, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for

---

[1] A copy of the Closing Statement is attached as Exhibit 1.

relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed N. Neville Reid as the Trustee for the Estate.

3.  On December 8, 2013, the Trustee filed a Trustee's Report of No Distribution. Subsequently, the Court entered an order discharging the Trustee of his duties and closing the bankruptcy case.

4.  More recently, the U.S. Trustee received notification that the Debtor may be entitled to a settlement award related to a product liability claim. Upon information and belief, the U.S. Trustee believed that the proceeds from the settlement may be property of the Estate pursuant to 11 U.S.C. § 541(a). As a result, the U.S. Trustee respectfully asked the Court to enter an order reopening this case and authorizing the U.S. Trustee to appoint a chapter 7 trustee to represent the Estate. On August 22, 2017, the Court entered an order granting the reopening of this case and a letter was issued appointing N. Neville Reid as chapter 7 trustee for the Debtor's Estate.

5.  By this Motion, the Trustee is requesting approval of payment of settlement proceeds to the Estate totaling $90,000 (the "Total Settlement Proceeds") and resulting from a settlement agreement whose terms have heretofore been finalized and agreed upon by Debtor's personal injury attorneys on behalf of Debtor. The settlement terms are represented by the closing statement from Debtor's personal injury attorneys attached hereto as **Exhibit 1** (the "Settlement") describing the itemized settlement amount net of fees and costs. Approval of the Settlement will result in payment of the claims of the three creditors in this case and will also provide a surplus distribution to the Debtor.

6. The Settlement stems from Debtor's product liability claim against the manufacturer of a medical product. The Debtor filed a lawsuit, recently resolved with the manufacturer, seeking damages related to such claim.

7. After subtracting the necessary attorney's fees, costs, and outstanding charges that arose after Debtor's filing for bankruptcy from the Total Settlement Proceeds, the remaining balance of Thirty-Four Thousand Nine Hundred Fifty-Seven and 88/100 Dollars ($34,957.88) (the "<u>Final Net Settlement Proceeds</u>") shall be paid to the Trustee on behalf of the Estate. The aforementioned itemized deductions taken from the Total Settlement Proceeds are described in **Exhibit 1** attached hereto.

8. As more fully explained below, in light of all factors courts typically use to analyze settlements – including a general cost/benefit analysis of litigation, the risks posed by further delay in resolving the dispute, the likelihood of the Trustee's success on the merits, and the general best interests of creditors – the Final Net Settlement Proceeds described in the Settlement should be approved.

## **BASIS FOR RELIEF**

9. The Trustee seeks approval of payment of the Final Net Settlement Proceeds to the Estate under the well-developed case law interpreting Bankruptcy Rule 9019. Pursuant to that Rule, bankruptcy courts may approve a settlement to the extent it is (1) "fair and equitable," *Protective Comm. for Ind. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424, 88 S. Ct. 1157, 1163 (1968), and (2) in the best interests of the estate, *In re Quay Corp., Inc.*, 372 B.R. 378, 382 (Bankr. N.D. Ill. 2007); *see also Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994), *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *In re Comm'l Loan Corp.*, 316 B.R. 690, 697 (Bankr. N.D. Ill. 2004). Rule

9019(a) commits the approval or rejection of a settlement to the discretion of the bankruptcy court. *In re Michael,* 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

10. In determining whether the Settlement is "fair and equitable," two principles should guide this Court. <u>First</u>, "[c]ompromises are favored in bankruptcy," 10 Lawrence P. King, *Collier on Bankruptcy,* ¶ 9019.0 1, at 9019-2 (15th ed. rev. 1997) (*citing In re Sassalos,* 160 B.R. 646, 653 (D. Ore. 1993)), and are "a normal part of the reorganization process." *Anderson,* 390 U.S. at 424, 88 S. Ct. at 1163 (*quoting Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106, 130, 60 S. Ct. 1, 14 (1939)); *see also In re Teknek, LLC*, 402 B.R. 257, 260 (Bankr. N.D. Ill. 2009); *Quay*, 372 B.R. at 382.

11. <u>Second</u>, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge. . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983); *In re Artra Group, Inc.*, 300 B.R. 699, 702 (Bankr. N.D. Ill. 2003) ("The settlement need only surpass the lowest point in the range of reasonableness."). Additionally, courts significantly defer to a trustee's business judgment on the wisdom of a settlement:

> The court cannot simply rubber stamp the [trustee's] decision [to settle] and must do more than take the trustee's word that the decision is reasonable. At the same time, settlement decisions are judgment calls. They are not scientific, or subject to any rigid mathematical formula, and they cannot be evaluated in balance sheet fashion. Some deference, then, must be given to the trustee's expertise. ***Only if the settlement falls below the lowest point in the range of reasonableness should the trustee's decision be disturbed***.

*Comm'l Loan*, 316 B.R. at 698 (citations and quotations omitted) (emphasis added).

12. In determining the fairness, reasonableness, and adequacy of a settlement, bankruptcy courts typically assess: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expenses, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors. *Artra*, 300 B.R. at 702 (*citing American Reserve*, 841 F.2d at 161-62). These factors seek to balance the probable benefit and potential cost of pursuing a claim or defense against the costs of the proposed settlement. *Comm'l Loan*, 316 B.R. at 698. As described in more detail below, after consulting with the attorneys who represent the Debtor, Mostyn Law Firm, P.C. and Arnold & Itkin (the "PI Counsel"), regarding the Debtor's potential claims against the Settlement Party, the Trustee believes the Settlement satisfies this standard and should therefore be approved.

**Application of Factors**

    **A.**    *Likelihood of Success*

The Settlement adequately reflects the Trustee's assessment, informed by conversations with the PI Counsel, of whether the Debtor would prevail were he to pursue a personal injury claim against the Settlement Party. While it is conceivable that the Trustee could obtain a higher recovery from further litigation, the uncertainties and costs inherent in any such potential litigation renders it unlikely that any incremental benefit would be realized from such further litigation.

    **B.**    *The Likely Difficulties in Collection*

The Trustee does not believe there are issues with collection in this case should litigation against the Settlement Party result in a favorable judgment.

    **C.**    *The Complexity of the Litigation*

Personal injury claims based on harmful effects of defective medical implants are inherently complex and very expensive, necessitating costly expert medical testimony and

extended fact and expert discovery. Moreover, as noted above, any additional litigating between the Trustee and the Settlement Party would not likely yield a greater recovery.

### D. *The Paramount Interest of the Creditors*

The Settlement herein will enable full payment of claims in this case and are therefore in the best interest of creditors.

### NOTICE

13. Twenty-one days' notice of this motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) all creditors who filed a proof of claim; and (iv) all other CM/ECF notice recipients by automatic electronic delivery. Notice to additional parties would be burdensome and costly to the Estate as a result of photocopying, postage, and other expenses associated with the notice. In light of the nature of the relief requested, the Trustee respectfully requests, pursuant to Sections 102(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(h) and 9006, that the Court find that the notice as actually given is sufficient under the circumstances and that no other or further notice is required in this matter.

**WHEREFORE**, the Trustee requests that this Court enter an order substantially in the form of the attached Proposed Order, authorizing the Trustee to consummate the Settlement and accept the Final Net Settlement Proceeds after the necessary attorney's fees, costs, and outstanding charges are subtracted from the Total Settlement Proceeds.

Dated: April 17, 2019               **N. NEVILLE REID, not individually, but solely in his capacity as the Chapter 7 Trustee for the Bankruptcy Estate of Maria L. Gutierrez**

                                    By:   */s/ N. Neville Reid*
                                          N. Neville Reid

N. Neville Reid (ARDC #6195837)
Brian J. Wilson (ARDC #6294099)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201